UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

RONALD G. DAUGHERTY,

　　　　　　Petitioner,

　　v.

DONALD R. HOLBROOK, *et al.*,

　　　　　　Respondents.

CASE NO. 3:19-cv-05918-RBL-JRC

REPORT AND RECOMMENDATION

NOTED FOR:  April 17, 2020

The District Court has referred this petition for a writ of habeas corpus under 28 U.S.C. § 2254 to United States Magistrate Judge J. Richard Creatura, as authorized by 28 U.S.C. § 636(b)(1)(A) and (B) and local Magistrate Judge Rules MJR3 and MJR4.

As relevant here, a habeas petition is untimely if it is filed more than a year from the day when the time to seek direct review concluded.  28 U.S.C. § 2244(d)(1)(A).  In this matter, the one-year period began running on March 9, 2017—the last day that petitioner could seek review in the Washington State Supreme Court of the Court of Appeals' decision affirming his conviction.  Because petitioner sought collateral review in state court more than a year after

March 9, 2017, his habeas petition is untimely, and the Court should dismiss it with prejudice and without reaching the merits of petitioner's grounds for review.

## BACKGROUND

### 1. State Court Proceedings[1]

Petitioner was found guilty of three counts of second degree rape of a child, and, in May 2015, sentenced by a Pierce County Superior Court to life in prison without the possibility of parole. Dkt. 8-1, at 2–3; *see* RCW 9A.44.076. Petitioner sought review in Division Two of the Washington State Court of Appeals ("Division Two"), which affirmed petitioner's conviction and sentence on February 7, 2017. Dkt. 8-1, at 15. Petitioner did not seek discretionary review of that decision in the Washington State Supreme Court, and Division Two issued the mandate on March 15, 2017. *See* Dkt. 8-1, at 211, 244.

On March 12, 2018, petitioner filed a personal restraint petition ("PRP") in Division Two, which the Court dismissed as frivolous. Dkt. 8-1, at 133, 246. The Supreme Court denied petitioner's motion for discretionary review. Dkt. 8-1, at 308.

### 2. Federal Court Proceedings

On September 28, 2019, petitioner, who is represented by counsel and currently incarcerated at the Monroe Correctional Complex, brought this petition under 28 U.S.C. § 2254. *See* Dkt. 1. Petitioner's asserted ground for review is that it violated the "Fifth, Sixth, and/or Fourteenth Amendment rights to due process, to present a defense, to present evidence, and to confront the State's witnesses" for the trial court to exclude certain sexually explicit text

---

[1] The facts in this section are taken from the state court records that respondent submitted. *See* Dkt. 8-1 (respondent).

messages from the victim. Dkt. 2, at 7. This matter has been fully briefed and is ripe for decision. *See* Dkts. 1, 2, 7, 13.

## DISCUSSION

### I. Evidentiary Hearing

The decision to hold a hearing is committed to the Court's discretion. *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007). "[A] federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief." *Landrigan*, 550 U.S. at 474. In determining whether relief is available under 28 U.S.C. § 2254(d)(1), the Court's review is limited to the record before the state court. *Cullen v. Pinholster*, 131 S. Ct. 1388 (2011). "[A]n evidentiary hearing is not required on issues that can be resolved by reference to the state court record." *See Totten v. Merkle*, 137 F.3d 1172, 1176 (9th Cir. 1998). Here, no hearing is required because the matter can be decided based on the state court record.

### II. Timeliness

Respondent asserts that the petition is time-barred so that the Court should dismiss it with prejudice. *See* Dkt. 7, at 6. The undersigned agrees and therefore recommends dismissing the petition without reaching petitioner's ground for review on the merits.

#### A. 28 U.S.C. § 2244

The Antiterrorism and Effective Death Penalty Act established a statute of limitations for petitions filed by prisoners challenging their custody under a state court judgment and sentence. *See* 28 U.S.C. § 2244(d). A one-year statute of limitations begins running, as relevant here, "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

1 Where, as here, direct review ends without the appeal reaching a state's highest court, the period in § 2244(d)(1)(A) begins when a petitioner's time for seeking review in the State's highest court expires. *Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012). Further, the statute of limitations period does not include the time during which a "properly filed" application for state collateral review is "pending" in the state courts. 28 U.S.C. § 2244(d)(2).

## B. Petition Untimely Under § 2244

Here, Division Two affirmed petitioner's conviction on February 7, 2017, and the limitation period began running on March 9, 2017, the last day that he could have filed a petition for discretionary review. *See* Washington Rule of Appellate Procedure ("RAP") 13.4(a) ("[A] petition for review must be filed within 30 days after the decision is filed."). Petitioner filed his PRP on March 12, 2018—more than a year later.

Petitioner argues that his petition is timely because he filed his PRP within a year of the Division Two's mandate, which was issued on March 15, 2017. Dkt. 13, at 2. Petitioner points to Washington State law under which a decision on direct appeal is "final" on the date of the appellate court's mandate. RCW 10.73.090(3)(b) ("For the purposes of this section, a judgment becomes final on . . . [t]he date that an appellate court issues its mandate disposing of a timely direct appeal from the conviction[.]"). He argues that the Court should look to state law and rule that the date of the mandate, not the last day he could have timely filed a petition for discretionary review, should control. *See* Dkt. 13, at 2–3.

United States Supreme Court and Ninth Circuit precedent foreclose plaintiff's argument. Regarding § 2244's limitations period, the Supreme Court has held that "for a state prisoner who does not seek review in a State's highest court [of his direct appeal], the judgment becomes 'final' *on the date that the time for seeking such review expires*." *Gonzalez*, 565 U.S. at 137

1  (emphasis added).  In *Gonzalez*, the Supreme Court declined to hold that the issuance of the

2  mandate by the state court of appeals began the limitations period.  *Id.* at 151.  Rejecting the

3  argument made by petitioner here, the Court held that district courts do not, in this circumstance,

4  refer to state law defining when direct review is final—

> Gonzalez urges us to scour each State's laws and cases to determine how it defines finality for every petitioner who forgoes a state-court appeal.  That approach would usher in state-by-state definitions of the conclusion of direct review.  It would be at odds with the uniform definition we adopted in *Clay* [*v. United States*, 537 U.S. 522 (2003)] and accepted in the § 2244(d)(1)(A) context in *Jimenez* [*v. Quarterman*, 555 U.S. 113 (2009)].  And it would pose serious administrability concerns.  Even if roughly "half of the States define the conclusion of direct review as the issuance of the mandate or similar process" . . . that still leaves half with either different rules or no settled rules at all.

10  *Gonzalez*, 565 U.S. at 152–53 (internal citation removed).

11  In the context of Washington State courts, the Ninth Circuit has held that this Court does

12  not look to when the court of appeals issued the mandate, if a petitioner fails to pursue

13  discretionary review of his direct appeal.  *See Wixom v. Washington*, 264 F.3d 894, 897 (9th Cir.

14  2001).  In *Wixom*, denial of a motion to modify a commissioner's ruling marked the conclusion

15  of direct review—not issuance of the mandate.  *See id.* at 898 (citing RAP 12.3(a)).  Therefore,

16  the statute of limitations began to run 30 days from denial of the motion to modify.  *Id.*

17  Applying this analysis here, it was Division Two's opinion terminating review of plaintiff's

18  direct appeal on February 7, 2017 that marked the conclusion of direct review (*see* RAP 12.3(a)),

19  and his time to seek review of that decision expired on March 9, 2017—not, as petitioner would

20  have it, on March 15, 2017, when Division Two issued the mandate.  *Accord Cearley v. Hayes*,

21  No. C17-5416 BHS, 2017 WL 6452218 (W.D. Wash. Dec. 18, 2017).  Therefore, petitioner fails

22  to establish that his petition was timely filed.

1    Petitioner also includes boilerplate language in his memorandum in support of his habeas
2    petition that "[t]he expiration of the ninety-day period to file a Petition for Writ of Certiorari [in
3    the U.S. Supreme Court] concluded Petitioner's direct review of the issues and triggered the
4    commencement of the one year statute of limitations[.]"  Dkt. 2, at 17.  As noted herein,
5    petitioner did not, in fact, pursue discretionary review of his direct appeal in the Washington
6    State Supreme Court.  *See* Dkt. 2, at 6.  Therefore the U.S. Supreme Court would lack
7    jurisdiction over a petition for certiorari and the applicable period runs based on the termination
8    of Division Two's review, not the time to seek review of an opinion of the Washington State
9    Supreme Court by writ of certiorari.  *Gonzalez*, 656 U.S. at 154.

10    For these reasons, the Court should rule that the petition is untimely and dismiss it with
11    prejudice.

## CERTIFICATE OF APPEALABILITY

13    Petitioners seeking post-conviction relief under 28 U.S.C. § 2254 may appeal a district
14    court's dismissal of the federal habeas petition only after obtaining a certificate of appealability
15    from a district or circuit judge.  A certificate of appealability may issue only if petitioner has
16    made "a substantial showing of the denial of a constitutional right."  *See* 28 U.S.C. § 2253(c)(2).
17    Petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the
18    district court's resolution of his constitutional claims or that jurists could conclude the issues
19    presented are adequate to deserve encouragement to proceed further."  *Miller-El v. Cockrell*, 537
20    U.S. 322, 327 (2003) (*citing Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).  Pursuant to this
21    standard, this Court concludes that petitioner is not entitled to a certificate of appealability with
22    respect to this petition.

## CONCLUSION

The writ for habeas corpus (Dkt. 1) should be dismissed with prejudice and a certificate of appealability should be denied. The matter should be closed.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the clerk is directed to set the matter for consideration on April 17, 2020, as noted in the caption.

Dated this 27th day of March, 2020.

J. Richard Creatura
United States Magistrate Judge